LATHROP, Respondent, vs. CARY, Appellant.

*September 15—October 14, 1930.*

*Edward H. Hibbard* of Milwaukee, for the appellant.

For the respondent there was a brief by *Robert V. Baker,* and oral argument by *Robert V. Baker, Sr.* and *Robert V. Baker, Jr.,* both of Kenosha.

ROSENBERRY, C. J.   In order to make a determination of the matters presented in this case it is necessary to determine the issues presented by the pleadings.   The plaintiff's complaint alleges his ownership of the one-acre tract situated in the southwesterly corner of the thirty-seven acre tract, described in the statement of facts.   The plaintiff's predecessors in title acquired this land by deed from Pretzman on January 22, 1902, Pretzman being the immediate grantor of the McKessons.   The complaint alleges that the three-rod strip was dedicated as a public way and has been uninclosed for upwards of forty years; that "the defendant, his agents, servants, or employees threaten to and will, unless restrained by order of this court, build, erect, construct, and maintain a fence along the westerly line of plaintiff's said real estate and the easterly line of said roadway or right of way."

After alleging irreparable damage and that the plaintiff is without adequate remedy at law, the plaintiff demands judgment that the defendant be perpetually enjoined from erecting, constructing, and maintaining said fence, and that he have such further or other relief as may be just and equitable.

It nowhere appears from the pleadings that the defendant, his agents, servants, or employees have ever denied that plaintiff had a right to the use of the way in question, but the sole allegation is that the plaintiff is being damaged or would be damaged by the erection of the proposed fence. It is the right of the defendant to erect and maintain this fence that was drawn in question by the pleadings.   So far as we have been able to find, there was no amendment to the pleadings.   The judgment, however, adjudged that the three-

rod strip is a public way; the defendant asserts that he has
a right to erect and maintain the fence by reason of the pro-
visions contained in the deed given by the McKessons to
Pretzman, which have already been set out. The covenant
in the deed relating to the erection and maintenance of the
fence was manifestly one for the benefit of the grantee. At
the time the deed was executed and delivered the premises
were suitable for and used for farming purposes. The evi-
dent intention and purpose of the parties was to relieve the
grantee from building and maintaining the entire fence
along his west line, being the easterly line of the strip in
question. A fence was erected. There is no evidence that
it was partitioned by agreement or otherwise. So the de-
fendant was under no duty to build or maintain the fence
in front of plaintiff's premises. From the evidence it ap-
pears that shortly after the conveyance by Pretzman to Old-
enberg, plaintiff's predecessor in title, the fence erected by
the McKessons was torn down, and ever since said time the
plaintiff and his predecessors in title have entered the plaint-
iff's premises by passing over the boundary line between
the strip and plaintiff's premises. The right of the plaintiff
to pass and repass was in no way drawn in question until
after the defendant became the owner and some time in
1927. Assuming that the covenant in the deed gave to the
defendant as successor in title to the McKessons a right to
require the continued maintenance of the fence—a very
doubtful thing,—that right was lost by adverse user by the
plaintiff and his predecessors in title. The use was by its
very nature adverse. The fence was torn down, driveways
were erected, and a use made of the premises that was
wholly inconsistent with the maintenance of a fence on the
west line of plaintiff's property. Under any theory of the
law the defendant was not entitled to maintain a fence on
the west line of plaintiff's premises. That was the only

matter put in issue by the pleadings. While it is true that the complaint alleges that the way was a public way and the answer of the defendant denies it, no invasion of that right was alleged in the complaint. Whether the way was public or private, the plaintiff had a right to the use of the way to his premises and the right of ingress and egress over the line and should be protected in the enjoyment of that right.

The court was not required to determine and should not have determined whether or not the way throughout its extent was public or private. The pleadings do not show that any person was denied access to the premises to the north. The plaintiff set up no such right in his pleadings. He merely alleges that he had the right to enter his premises over the line. That he had such right is clearly established, and the judgment is to that extent affirmed. In affirming the judgment, however, it must be understood that the findings are limited to the issues. The plaintiff is in no position to assert or litigate rights on behalf of the general public under the allegations of the complaint.

*By the Court.*—The judgment so far as it adjudges that the three-rod way is a public highway is modified, and as so modified the judgment is affirmed. Plaintiff to recover costs in this court.